IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-43,112-02, WR-43,112-03, AND WR-43,112-04






EX PARTE PATRICK D. PINKARD, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 19,748-2007, 19,723-2007, AND 19,724-2007 IN THE 402ND
DISTRICT COURT FROM WOOD COUNTY




 Per curiam. 

 O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of forgery and sentenced to ten (10) years' confinement on each count. He did not appeal his
convictions. 

 Applicant alleges inter alia that there was prosecutorial misconduct in this case as the
District Attorney's Office was unduly influenced by Janice Holland; who works for the Wood
County Sheriff's Department. He alleges that the victim impact statement was not written by Jewell
Williams, the signatory, but by someone else, and has submitted an affidavit from Williams to
support that allegation. He alleges that the Assistant District Attorney knew that the victim impact
statement was false but nevertheless offered it into evidence. He alleges that counsel rendered
ineffective assistance because even though counsel was aware that Applicant could not get a fair trial
in Wood County, he nevertheless failed to file a motion to transfer venue. Also, Applicant alleges
that counsel's pre-trial investigation was deficient as he failed to contact witnesses, failed to obtain
documents from the bank which would have shown that Applicant did not cash the checks, and failed
to investigate the validity of the victim impact statement. Applicant further alleges that his pleas
were involuntary because counsel advised him that he could not get a fair trial in Wood County and
that he, thus, felt like he had no choice but to plead guilty. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel
to file an affidavit addressing: (1) whether counsel believes that the victim impact statement was
written by someone other than the signatory; (2) whether counsel believes Applicant could get a fair
trial in Wood County; (3) whether counsel believes Applicant's pleas were voluntarily entered; (4)
why counsel decided not to file a motion to transfer venue to another county; and, (5) whether
counsel believes his pre-trial investigation was adequate. The trial judge shall also order the
Assistant District Attorney who prosecuted these cases to file an affidavit addressing: (1) whether
he or she believes that the victim impact statement was written by someone other than the signatory;
and, (2) whether Holland or any other person unduly influenced the way these cases were prosecuted. 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that the victim impact statement was written by someone other than the signatory. The trial
judge shall also make findings of fact as to whether the victim impact statement is credible and shall
supplement the record with a copy of the statement. The trial judge shall also make findings of fact
as to whether Williams' affidavit is credible. The trial judge shall also make findings of fact as to
whether counsel's performance was objectively deficient and whether it prejudiced the outcome of
these proceedings. The trial court shall make findings of fact and conclusions of law in regard to
Applicant's claim that his pleas were involuntary. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 25, 2008

Do not publish